IGARAVÍDEZ v. THE REGISTRAR OF PROPERTY.

APPEAL from a decision of the Registrar of Property
of San Juan.

No. 66.—Decided October 26, 1910.

RECORD OF TITLES—PREVIOUS RECORD OF THE RIGHT OF THE PERSON CONVEYING.—
To record or enter instruments transferring or encumbering the ownership or possession of real property or property rights, the interest of the person conveying it, or in whose name the transfer or encumbrance is made, must be previously recorded.

ATTORNEY—POWER TO SELL A CLIENT'S PROPERTY IN LITIGATION.—The authority granted by the Law of Procedure to an attorney to represent a client in a suit does not empower him to sell his client's property, because juridical relations in that connection are governed by the Civil Code and not by the Law of Procedure.

ID.—JUDGMENT OF THE COURT—SALE OF PROPERTY IN LITIGATION—ATTORNEY.—
Judgment having been rendered by the court for the transfer of five-sixths of a property, the conveyance of the whole thereof would be transcending the limits established by the judgment, for which reason such a conveyance could not be admitted to record.

The facts are stated in the opinion.

*Mr. Rafael López Landrón* for appellant.

MR. JUSTICE MACLEARY delivered the opinion of the court.

The Registrar of San Juan, Second Section, refused to register a deed of conveyance for the following reasons:

"The registration of the foregoing document is refused because the property does not appear on record in favor of the defendants or of any other person, and it does not appear from the document that Rafael López Landrón has authority to make a conveyance on behalf of the defendants; and it is furthermore refused in regard to a sixth of the property because the defendants having been adjudged to convey five-sixths of the property they have conveyed the whole of it; and a cautionary notice is made for the legal length of time, on folio 49 of volume 6 of Vega Alta, property No. 294, annotation letter R, in which the amendable defect is stated that the ward in which the property is situated is not properly described.  San Juan, Porto Rico, February 16, 1910."

The appellant attacks this ruling on the following grounds:

1. That registration should not be denied for amendable defects, citing the law of March 1, 1902, concerning appeals in administrative cases, which is found in the Revised Statutes on page 290, section 802.

2. That none of the defects alleged by the registrar in fact exist.

(*a*) That inasmuch as the conveyance is made under a decree of a court it is not necessary that the inscription of the property in favor of a former owner should appear from the records.  Appellant cites the following authorities: Royal Decree of November 24, 1874, Spanish Decree of January 3, 1876, Rulings of the General Directorate of Registries of February 27, 1875, April 10 and June 7, 1876, and others in support of the doctrine by him maintained.

(*b*) That an attorney at law *ex officio* has the implicit power to convey the land of his clients involved in the litigation.

(c) That the third objection of the registrar is a pure mistake of fact, because, when carefully examined, it will clearly appear that the defendants do not convey the whole of the property, but only five-sixths thereof; and this is plain inasmuch as Enrique Igaravídez Landrón is already the owner of a one-sixth part undivided and could not have the intention of acquiring for himself that which he already owns.

The registrar on the other hand, in his brief, sets out anew his rulings as follows:

"The registration of the document was refused because of the following defects: 1. Because the property does not appear on record in favor of the defendants, or of any other person; 2. Because it does not appear from the document that Rafael López Landrón has any power to make a conveyance on behalf of the defendants; and the registration is further refused in regard to a sixth part of the property because, the defendants having been adjudged to convey five-sixths of the property, a conveyance is made of the whole thereof; and the legal cautionary notice has been made on the 16th of February of the present year, which notice has been canceled, the term for the same having expired."

In support of his first proposition the registrar cites section 20 of the Mortgage Law and numerous resolutions of the General Directorate of Registries and other authorities without naming them. He refers to Decisions of the Supreme Court of Porto Rico of January 25, 1905 and June 27, 1906.

In regard to his second proposition, he cites sections 1226 and 1615 of the Civil Code; which seem conclusive of the matter in favor of the appellee. The registrar concludes this point as follows:

"The undersigned is of opinion, therefore, that the authority granted by the Law of Procedure to an attorney to represent a client in a suit, does not empower him to sell his client's property, because juridical relations in that connection are governed by the Civil Code and not by the Law of Procedure."

In regard to the third proposition, he merely reasserts it and cites the judgment under which Señor López Landrón purported to be acting, and concludes the whole matter as follows:

"Then, even if Mr. López Landrón had authority to make the conveyance, he has gone beyond the limits allowed by the judgment in regard to a sixth of the property, which was not ordered to be sold."

It seems to us that the registrar is right in all three of his propositions, and especially the second, any one of which is sufficient to sustain his ruling.

The points at issue having been clearly presented in the statements of the opposing parties and agreeing as we do with the registrar, it is unnecessary to elaborate the discussion further. Accordingly, the refusal of the registrar to admit the deed of conveyance to registration should be affirmed.

*Affirmed.*

Justices Wolf and del Toro concurred.

Chief Justice Hernández and Justice Figueras did not sit at the hearing of this case.